1   Patrick J. Kurkoski, WSBA No. 27908
    Email: pjkurkoski@mls-law.com
2   Mitchell Lang & Smith LLP
    2000 One Main Place
3   101 S.W. Main Street
    Portland, Oregon 97204-3230
4   Phone: (503) 221-1011
    Fax: (503) 248-0732
5   Of Attorneys for Defendant Western Pacific
    Mutual Insurance Company
6

7
                    UNITED STATES DISTRICT COURT
8
                    DISTRICT OF WASHINGTON
9
                    RICHLAND DIVISION
10

11
    **HB DEVELOPMENT, LLC, a**
12  **Washington limited liability**
    **corporation**; FRASER HAWLEY,        Case No.  CV-13-5050-EFS
13  and individual; SHARON BROWN,
    an individual and the marital estate
14  thereof,
                                           **WESTERN PACIFIC MUTUAL**
15              Plaintifs,                  **INSURANCE'S NOTICE OF**
                                           **REMOVAL**
16              v.

17  **WESTERN PACIFIC MUTUAL**
    **INSURANCE, a foreign insurance**
18  **company; LOCKTON RISK**
    **SERVICES, a foreign insurance**
19  **company; FIRST MERCURY**
    **INSURANCE COMPANY, a**
20  **foreign insurance company,**
    **WESTERN WORLD INSURANCE**
21  **COMPANY, a foreign insurance**
    **company, DOES 1-10 INSURANCE**
22  **COMPANIES, and DOES 11-25**
    **INSURANCE BROKERS,**
23  **CLAIMS ADMINISTRATORS,**
    **AND INSURANCE AGENTS,**
24
                Defendants.
25  _____

26

Page 1 - WESTERN PACIFIC MUTUAL INSURANCE COMPANY
         NOTICE OF REMOVAL

MITCHELL LANG & SMITH LLP
ATTORNEYS AT LAW
2000 ONE MAIN PLACE
101 S.W. MAIN STREET
PORTLAND, OREGON 97204-3230
TELEPHONE (503) 221-1011
FAX (503) 248-0732

1  TO:       The Judges and Clerk of the United States District Court in and for the
           Eastern District of Washington at Richland

2

3  AND TO:   Plaintiffs and Their Counsel

4  AND TO:   All Other Parties

5       Defendant Western Pacific Mutual Insurance Company ("Western Pacific")

6  hereby gives notice that this action is removed to the United States District Court

7  for the Eastern District of Washington at Richland from the Superior Court of

8  Washington, in and for Benton County.  Pursuant to 28 U.S.C. § 1441, defendant

9  further states as follows:

10      **State Court Action**:  Western Pacific is a defendant in a civil action filed in

11  the Superior Court of Washington, in and for Benton County, styled

12  *HB Development, LLC; Fraser Hawley; Sharon Brown, v. Western Pacific Mutual*

13  *Ins.; Lockton Risk Services; First Mercury Ins. Co.; Clarendon National Ins. Co.;*

14  *Western World Ins. Co.*, Cause No. 13-2-00081-1 (the "State Court Action").

15      **Commencement of State Court Action**:  The State Court Action was

16  commenced when plaintiffs' Amended Summons and First Amended Complaint

17  for Declaratory Judgment, Breach of Contract, Bad Faith, and Violation of the

18  Consumer Protection Act ("First Amended Complaint") were filed with the clerk

19  of the Benton County Superior Court, on or about March 28, 2013.  Service of the

20  First Amended Complaint was effected on Western Pacific on or about April 5,

21  2013.  This Notice of Removal is timely, in that it is being filed within thirty (30)

22  days of service of the First Amended Complaint upon Western Pacific.  Neither

23  Western Pacific nor any other defendant has filed any pleadings in this case in the

24  Superior Court to date.

25

26

Page 2 - WESTERN PACIFIC MUTUAL INSURANCE COMPANY
         NOTICE OF REMOVAL

MITCHELL LANG & SMITH LLP
ATTORNEYS AT LAW
2000 ONE MAIN PLACE
101 S.W. MAIN STREET
PORTLAND, OREGON 97204-3230
TELEPHONE (503) 221-1011
FAX (503) 248-0732

H:\Lpm\61261\Pleadings\Federal Pleadings\Notice of Removal Western.doc

1    **Record in State Court**: The following pleadings constitute all of the
2    process, pleadings and orders received by Western Pacific in this action up to the
3    present time:

4    **Insurance Commissioner's Certificate of Service;**

5    **First Amended Summons;**

6    **First Amended Complaint for Declaratory Judgment, Breach of**
7    **Contract, Bad Faith, and Violation of the Consumer Protection Act;**

8    **Order Setting Civil Case Schedule.**

9    True and correct copies of the above pleadings Regarding Records and
10   Proceedings in State Court as Exhibit 1.

11   **Diversity of Citizenship is Basis for Federal Court Jurisdiction**: This
12   dispute between plaintiffs and defendants is a controversy between citizens of
13   different states.

14   Plaintiff HB Development is incorporated under the laws of the State of
15   Washington and at all times material hereto conducted business and maintained
16   their principal places of business in Benton County, Washington.

17   Plaintiffs Hawley and Brown are, and at all material times have been,
18   residents of the State of Washington.

19   Western Pacific Mutual Insurance is, and at all material times has been, risk
20   retention group chartered in the State of Colorado, with its principal place of
21   business in Littleton, Colorado.

22   Western World Insurance Company is, and at all material times has been,
23   incorporated under the laws of New Hampshire, with its principal place of business
24   in Franklin Lakes, Bergen County, New Jersey.

25

26

Page 3 -  WESTERN PACIFIC MUTUAL INSURANCE COMPANY
          NOTICE OF REMOVAL

MITCHELL LANG & SMITH LLP
ATTORNEYS AT LAW
2000 ONE MAIN PLACE
101 S.W. MAIN STREET
PORTLAND, OREGON 97204-3230
TELEPHONE (503) 221-1011
FAX (503) 248-0732

H:\Lpm\61261\Pleadings\Federal Pleadings\Notice of Removal Western.doc

1    First Mercury Insurance Company is, and at all material times has been,

2  incorporated under the laws of Illinois, with its principal place of business in

3  Southfield, Michigan.

4    Clarendon National Insurance Company is, and at all material times has

5  been, incorporated under the laws of New Jersey, with its principal place of

6  business in New York, New York.

7    While Clarendon was served through the Washington Insurance

8  Commissioner's Office, it has not appeared and Western Pacific has been unable to

9  determine who should be contacted to obtain Clarendon's agreement to removal.

10  Due to the approaching removal deadline, Western Pacific is opting to file its

11  removal and will continue pursuing Clarendon's contact information with an eye to

12  obtaining Clarendon's agreement to removal.  When that agreement has been

13  obtained, Western Pacific and/or Clarendon will file the appropriate

14  documentation.

15    Lockton Risk Services is, and at all material times has been, incorporated

16  under the laws of Kansas, with its principal place of business in Overland Park,

17  Kansas.  However, it appears that Lockton Risk Services has not been served, and

18  thus agreement from this defendant is not required at this time.  But counsel has

19  verified that regardless of whether Lockton Risk Services has been served, it

20  consents to removal.

21    Complete diversity exists between plaintiffs and defendants.

22    **Co-Defendants' Consent to Removal**:  Counsel for Western Pacific has

23  conferred all defendants, except Clarendon, regarding removal.  All those parties

24  conferred with have consented to removal of this action to federal court.

25

26

MITCHELL LANG & SMITH LLP
ATTORNEYS AT LAW
2000 ONE MAIN PLACE
101 S.W. MAIN STREET
PORTLAND, OREGON 97204-3230
TELEPHONE (503) 221-1011
FAX (503) 248-0732

1    **Nature and Description of Case**: The above-entitled action is a civil action

2    seeking declaratory relief and damages for tortious conduct.

3    **Amount in Controversy**: Western Pacific believes and therefore alleges

4    that the monetary value relief plaintiffs seek in this action exceeds $75,000:

5        a.    Plaintiff HB Development alleges damages in excess of $75,000 in its

6    First Amended Complaint:

7            21.    As a result of Western and Lockton's negligence as well as all

8            additionally named insured carriers failure to defend and indemnify

9            HB against the claims . . . of Crooks, HB and its Members have been

10           forced to incur defense costs, including, but not limited to, attorneys'

11           fees, and has been exposed to demands for repair costs and other

12           damages in an amount as yet to be specified but believed to be at least

13           $600,000.

14                                    * * *

15           27.    As a result of this negligent action HB and its Members have

16           been damaged in an amount to be proven at trial but in any event more

17           than $600,000.

18        b.    Entry of declaratory judgment for plaintiffs may result in

19    indemnification obligations exceeding $75,000;

20        c.    Plaintiffs' monetary damages for the alleged bad faith of three of the

21    defendants;

22        d.    Plaintiffs seek an award of treble damages pursuant to

23    RCW Ch. 19.86, which damages may equal $25,000;

24        e.    Plaintiffs seek prejudgment interest; and

25        f.    Plaintiffs seek an award of reasonable attorneys' fees and costs.

26

Page 5 - WESTERN PACIFIC MUTUAL INSURANCE COMPANY
         NOTICE OF REMOVAL

MITCHELL LANG & SMITH LLP
ATTORNEYS AT LAW
2000 ONE MAIN PLACE
101 S.W. MAIN STREET
PORTLAND, OREGON 97204-3230
TELEPHONE (503) 221-1011
FAX (503) 248-0732

H:\Lpm\61261\Pleadings\Federal Pleadings\Notice of Removal Western.doc

1    Taking all these factors into consideration, Western Pacific reasonably

2  believes that plaintiffs seek damages and other recoveries counting toward the

3  jurisdictional minimum, aggregating in excess of $75,000.

4    **Applicable Statutes**:  This is a civil action over which this Court has

5  original jurisdiction pursuant to 28 U.S.C. § 1332, and the action is removable

6  pursuant to 28 U.S.C. § 1441(b).

7    **Concurrent Notice to State Court**:  Western Pacific is concurrently filing a

8  copy of this Notice of Removal with the Clerk of the Benton County Superior

9  Court, pursuant to 28 U.S.C. § 1446(d).

10    DATED this 26th day of April, 2013.

11                         MITCHELL LANG & SMITH LLP

12

13                    By: _____

14                         Patrick J. Kurkoski, WSB No. 27908
                           Email: pjkurkoski@mls-law.com
15                         Of Attorneys for Western Pacific Mutual
                           Insurance Company

16

17

18

19

20

21

22

23

24

25

26

Page 6 -  WESTERN PACIFIC MUTUAL INSURANCE COMPANY
           NOTICE OF REMOVAL

MITCHELL LANG & SMITH LLP
ATTORNEYS AT LAW
2000 ONE MAIN PLACE
101 S.W. MAIN STREET
PORTLAND, OREGON 97204-3230
TELEPHONE (503) 221-1011
FAX (503) 248-0732

H:\Lpm\61261\Pleadings\Federal Pleadings\Notice of Removal Western.doc



IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR BENTON COUNTY

| | |
|---|---|
| HB DEVELOPMENT, LLC, a Washington limited liability corporation; FRASER HAWLEY, an individual; SHARON BROWN, an individual and the marital estate thereof,<br><br>Plaintiffs,<br><br>vs.<br><br>WESTERN PACIFIC MUTUAL INSURANCE, a foreign insurance company; LOCKTON RISK SERVICES, a foreign insurance company; FIRST MERCURY INSURANCE COMPANY; a foreign insurance company; CLARENDON NATIONAL INSURANCE COMPANY, a foreign insurance company; WESTERN WORLD INSURANCE COMPANY, a foreign insurance company; DOES 1-10 INSURANCE COMPANIES AND DOES 11-25 INSURANCE BROKERS, CLAIMS ADMINISTRATORS AND INSURANCE AGENTS,<br><br>Defendants. | NO.  13-2-00081-1<br><br>**INSURANCE COMMISSIONER'S CERTIFICATE OF SERVICE** |

**THIS IS TO CERTIFY** that the Insurance Commissioner of the State of Washington has accepted service of

*FIRST AMENDED SUMMONS; FIRST AMENDED COMPLAINT; AMENDED NOTICE OF RELATED CASES; CIVIL CASE SCHEDULE*

in the above-mentioned matter on APRIL 1, 2013, on behalf of and as statutory attorney for

Tracker ID 9867

*WESTERN PACIFIC MUTUAL INSURANCE COMPANY*

an authorized foreign or alien insurer, and has forwarded a duplicate copy thereof to said insurance company pursuant to RCW 48.02.200 and 48.05.215.

Receipt of the $10 statutory service fee is acknowledged.

**ISSUED AT OLYMPIA, WASHINGTON:** APRIL 2, 2013

Certification No.: 91 7199 9991 7032 0089 6960

MIKE KREIDLER
Insurance Commissioner

By

Cheryl Common
Cheryl Common
Service of Process Coordinator

Original to:                                       Copy to:

JOHN R. HERRIG                                    WESTERN PACIFIC MUTUAL INSURANCE CO.
ATTORNEY AT LAW                                   SHERLYN FARRELL, VP
1030 N. CENTER PARKWAY, SUITE 302                 9265 MADRAS COURT
KENNEWICK, WA 99336-7160                          LITTLETON, CO. 80130

Tracker ID 9867

1

2

3

4

5

6              IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
                            IN AND FOR BENTON COUNTY
7

8    HB DEVELOPMENT, LLC, a Washing-
     ton limited liability corpora-
     tion; FRASER HAWLEY, an indi-          No. 13-2-00081-1
9    vidual; SHARON BROWN, an
     individual and the marital
10   estate thereof,                        FIRST AMENDED SUMMONS

11                            Plaintiffs,

12   vs.

13   WESTERN PACIFIC MUTUAL
     INSURANCE, a foreign insurance
14   company; LOCKTON RISK SERVICES,
     a foreign insurance company;
15   FIRST MERCURY INSURANCE
     COMPANY, a foreign insurance
16   company; CLARENDON NATIONAL
     INSURANCE COMPANY, a foreign
17   insurance company; WESTERN
     WORLD INSURANCE COMPANY, a
18   foreign insurance company; DOES
     1-10 INSURANCE COMPANIES AND
19   DOES 11-25 INSURANCE BROKERS,
     CLAIMS ADMINISTRATORS AND
20   INSURANCE AGENTS,

21                            Defendants.

22
     TO:  WESTERN   PACIFIC   MUTUAL   INSURANCE;   LOCKTON    RISK
23        SERVICES;  FIRST MERCURY INSURANCE COMPANY;  CLARENDON
          NATIONAL   INSURANCE COMPANY; WESTERN  WORLD  INSURANCE
24        COMPANY;  WESTERN WORLD INSURANCE COMPANY;  DOES  1-10
          INSURANCE COMPANIES AND DOES 11-25 INSURANCE BROKERS,
25        CLAIMS ADMINISTRATORS AND INSURANCE AGENTS.

26        A lawsuit has been started against you in the above-


FIRST AMENDED SUMMONS -                                    HERRIG & VOGT, LLP
Page 1                                                            1030 North Center Parkway, Suite 302
                                                                  Kennewick, WA 99336
                                                                  (509) 943-569l

PAGE 1 of 3 /- EXHIBIT 1

1    entitled court by HB Development, LLC and Fraser Hawley and

2    Sharon Brown, Plaintiffs. Plaintiffs' claims are stated in

3    the written Complaint, a copy of which is served upon you

4    with this Summons.

5        In order to defend against this lawsuit, you must

6    respond to the Complaint by stating your defense in writing,

7    and serve a copy upon the undersigned attorney for the

8    Plaintiffs within twenty (20) days after the service of this

9    Summons if you have been served within the State of

10   Washington, and within sixty (60) days if you have been

11   served outside of the State of Washington, excluding the

12   date of service, or a default judgment may be entered

13   against you without notice. A default judgment is one where

14   Plaintiff are entitled to what they asks for because you

15   have not responded. If you serve a Notice of Appearance on

16   the undersigned attorney, you are entitled to notice before

17   a default judgment may be entered.

18       You may demand that the Plaintiffs file this lawsuit

19   with the court. If you do so, the demand must be in writing

20   and must be served upon the Plaintiff. Within fourteen (14)

21   days after you serve the demand, the Plaintiffs must file

22   this lawsuit with the court, or the service on you of this

23   Summons and Complaint will be void.

24       If you wish to seek the advice of an attorney in this

25   matter, you should do so promptly so that your written.

26

FIRST AMENDED SUMMONS –
Page 2

HERRIG & VOGT, LLP
1030 North Center Parkway, Suite 302
Kennewick, WA 99336
(509) 943-6691

1   response, if any, may be served on time.

2       This   Summons   is   issued   pursuant   to   Rule   4   of   the

3   Superior Court Civil Rules of the State of Washington.

4       DATED this 26th day of March 2013.

5

6                           HERRIG & VOGT, LLP

7

8                           John R. Herrig, WSEA #8772.
                            Attorneys for Plaintiffs
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

FIRST AMENDED SUMMONS                          HERRIG & VOGT, LLP
Page 3                                         1030 North Center Parkway, Suite 302
                                               Kennewick, WA 99336
                                               (509) 943-6691

PAGE 30 of 33 EXHIBIT 1

1

2

3

4

5

6

7

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR BENTON COUNTY

8  | HB DEVELOPMENT, LLC, a Washing-
9  | ton limited liability corpora-
   | tion; FRASER HAWLEY, an indi-          No. 13-2-00081-1
10 | vidual; SHARON BROWN, an
   | individual and the marital
11 | estate thereof,                        FIRST AMENDED COMPLAINT FOR
   |                                        DECLARATORY JUDGMENT, BREACH
12 |                        Plaintiffs,     OF CONTRACT, BAD FAITH, AND
   |                                        VIOLATION OF THE CONSUMER
13 | vs.                                    PROTECTION ACT

14 | WESTERN PACIFIC MUTUAL
   | INSURANCE, a foreign insurance
15 | company; LOCKTON RISK SERVICES,
   | a foreign insurance company;
16 | FIRST MERCURY INSURANCE
   | COMPANY, a foreign insurance
17 | company; CLARENDON NATIONAL
   | INSURANCE COMPANY, a foreign
18 | insurance company; WESTERN
   | WORLD INSURANCE COMPANY, a
19 | foreign insurance company; DOES
   | 1-10 INSURANCE COMPANIES AND
20 | DOES 11-25 INSURANCE BROKERS,
   | CLAIMS ADMINISTRATORS AND
21 | INSURANCE AGENTS,

22 |                        Defendants.

23     Plaintiffs, HB Development, LLC ("HB") and Fraser

24 Hawley and Sharon Brown for their claims against the de-

25 fendants, allege as follows:

26

FIRST AMENDED COMPLAINT FOR DECLARATORY                HERRIG & VOGT, LLP
JUDGMENT -                                             1030 North Center Parkway, Suite 302
Page 1                                                 Kennewick, WA 99336
                                                       (509) 943-6691

PAGE 4 of 33 EXHIBIT 1

1          PARTIES, JURISDICTION AND VENUE

2        1.   HB was a Washington limited liability corporation

3    and licensed as a general contractor who maintained good

4    standing for all times relevant to this action with its

5    principal place of business in Benton County, Washington.

6        2.   HB brings this action under the authority of RCW

7    25.15.295(2(a).

8        3.   Fraser Hawley and Sharon Brown and the marital

9    community thereof are residents of Benton County, Washing-

10   ton, and were members of HB Development, LLC and the suc-

11   cessors in interest, intended beneficiaries and assignees

12   of the policies, herein stated (hereinafter "Members"), to

13   the extent that the duty to defend HB and indemnify HB for

14   damages alleged against HB are allowed to be passed on to

15   its Members.

16       4.   Defendant   Western   Pacific   Mutual   Insurance

17   ("Western") is believed to be a Colorado insurance company,

18   doing business in the State of Washington.

19       5.   Lockton  Risk  Services  Company  ("Lockton")  is

20   believed to be a foreign insurance company, doing business

21   in the State of Washington.

22       6.   First Mercury Insurance Company ("First Mercury")

23   is believed to be an Illinois insurance company doing

24   business in the State of Washington.

25       7.   Clarendon National Insurance Company ("Claren-

26   don") is believed to be a New York insurance company doing

FIRST AMENDED COMPLAINT FOR DECLARATORY
JUDGMENT —
Page 2

HERRIG & VOGT, LLP
1030 North Center Parkway, Suite 302
Kennewick, WA 99336
(509) 943-6651

Apr 08 13 11:15a     Western Pacific - Colo                        3034709119           p.9

1   business in the State of Washington.

2        8.    Western World Insurance Company "(Western World")

3   is believed to be a foreign insurance company doing busi-

4   ness in the State of Washington.

5        9.    DOES 1-10 insurance companies, the name of which

6   is currently unknown, but will be named upon disclosure.

7        10.   DOES 11-25 insurance brokers, claims administra-

8   tors and insurance agents, whose names are currently un-

9   known, but will be named upon disclosure.

10       11.   This is an action for declaratory judgment,

11  breach of contract, negligence, bad faith, and violation of

12  the Consumer Protection Act.  This court has jurisdiction

13  over the subject matter and over the parties pursuant to

14  RCW 4.28.185 and RCW 7.24.

15       12.   Venue in Benton County Superior Court is proper

16  pursuant to RCW 4.12.020 and RCW 4.12.025.

17                          BACKGROUND

18       13.   HB realleges paragraphs 1-12 above as though

19  fully stated herein.

20       14.   On or about March 25, 2006 HB entered into a

21  written contract with John and Jolene Crook ("Crooks") for

22  construction of a single family residence located at 5450

23  Astoria Road, West Richland, Benton County, Washington

24  ("the Project").

25       15.   HB subcontracted with, among others, Valad's

26  Custom Plastering, LLC ("Valad's"), a Washington contrac-

FIRST AMENDED COMPLAINT FOR DECLARATORY          HERRIG & VOGT, LLP
JUDGMENT –                                       1030 North Center Parkway, Suite 302
Page 3                                           Kennewick, WA 99336
                                                 (509) 943-6691



1   tor; Amos Construction, Inc. ("Amos"), a Washington con-

2   tractor; Xtreme Drywall and Painting ("Xtreme"), a Washing-

3   ton contractor to perform various portions of the Project.

4        16.  On or about January 23, 2012 the Crooks filed an

5   RCW Notice of Claim against HB and subsequently filed a

6   Second Amended Complaint against HB on April 25, 2012

7   alleging defects in construction, by various trades, to the

8   Project causing damage to the structure, loss of use and

9   unspecified personal injury to the Crooks, all in the

10  amount of damages to be proven at trial.

11       17.  HB tendered the claim to Western and Western

12  declined coverage in a letter dated February 1, 2012.  The

13  claim was re-tendered May 31, 2012 and January 7, 2013 and

14  subsequently also denied.

15       18.  Beginning in April 24, 2012, HB also tendered, in

16  a timely manner, the claim demanding that First Mercury,

17  Clarendon and Western World ("the additionally named in-

18  sured carriers") provide defense and indemnity from the

19  demand as an additionally named insured as well as request-

20  ing a full copy of the policy in place.

21       19.  All additionally named insured carriers requested

22  supplemental information, which HB repeatedly complied with

23  to the extent it was aware of the information requested.

24       20.  All additionally named insured carriers denied

25  coverage, except Western World and, with the exception of

26  First Mercury and Western World, refused to further address

FIRST AMENDED COMPLAINT FOR DECLARATORY
JUDGMENT –
Page 4

HERRIG & VOGT, LLP
1230 North Center Parkway, Suite 302
Kennewick, WA 99336
(509) 943-6691

1   the tender or to submit the full policy of insurance as
2   requested.

3       21.  As a result of Western and Lockton's negligence
4   as well as all additionally named insured carriers failure
·5  to defend and indemnify HB against the claims of Crooks, HB
6   and its Members have been forced to incur defense costs,
7   including, but not limited to, attorneys' fees, and has
8   been exposed to demands for repair costs and other damages
9   in an amount as yet to be specified but believed to be at
10  least $600,000.

11                      **CAUSES OF ACTION**

12        First Cause of Action Against Western and Lockton:

13                          NEGLIGENCE

14      22.  Plaintiffs reallege Paragraphs 1 through 21 of
15  the Complaint.

16      23.  Western and Lockton sold HB a claims-made policy
17  to comply with the Contractor Licensing Requirement pursu-
18  ant to RCW 18.27.050.  Such a policy is null and ineffec-
19  tive for any occurrence during the license period unless
20  continually renewed.  No such notice of the restriction was
21  delivered to the State of Washington as proof of compliance
22  with the statute.

23      24.  Western and Lockton knew, or should have known,
24  that the license statute contemplated an occurrence-based
25  policy, otherwise leaving the public, HB and its Members
26  uninsured should the policy not be continually renewed for

FIRST AMENDED COMPLAINT FOR DECLARATORY                    HERRIG & VOGT, LLP
JUDGMENT -                                                 1030 North Center Parkway, Suite 332
Page 5                                                     Kennewick, WA 99336
                                                           (509) 943-6691

PAGE 8 of 33 - Exhibit 1

1  a six-year statute of repose period.

2      25.  Western and Lockton owed a duty to HB and its
3  Members and the public, when relying upon the statement of
4  insurance, that the period of coverage should be for any
5  occurrence during the policy period not cancellable for
6  that period by subsequent failure to renew.

7      26.  Lockton and Western breached this duty to the
8  detriment of HB and its Members.

9      27.  As a result of this negligent action HB and its
10  Members have been damaged in an amount to be proven at
11  trial but in any event more than $60,000.

12      Second Cause of Action Against Western and Lockton:

13      VIOLATION OF THE CONSUMER PROTECTION ACT

14      28.  HB realleges Paragraphs 1 through 27 of the
15  Complaint.

16      29.  Western and Lockton's providing of inappropriate
17  policies to contractors for license compliance, specifical-
18  ly HB and its Members, constitutes a violation of the
19  Consumer Protection Act, RCW 19.86.010, et. seq.  Further
20  the policy ceased upon non-renewal rather than the limits
21  of WAC 284-20-040(6)(I)(i) & (ii).

22      30.  As a result of defendants' violations of the
23  Consumer Protection Act, HB and its Members are entitled to
24  recover treble damages up to $25,000, court costs and
25  attorneys' fees in an amount to be proven at trial.

26  //

FIRST AMENDED COMPLAINT FOR DECLARATORY
JUDGMENT
Page 6

HERRIG & VOGT, LLP
1030 North Center Parkway, Suite 302
Kennewick, WA 99336
(509) 943-6691

9 of 33

First Cause of Action Against First Mercury,
Clarendon, and DOES 1-10:

DECLARATORY JUDGMEMT

31. Plaintiffs reallege Paragraphs 1 through 30 of the Complaint as though fully stated herein.

32. This matter is ripe for adjudication and a justiciable controversy exists regarding First Mercury and Clarendon as to whether obligations for defense and coverage under the commercial general liability insurance policies where HB is named as an additionally named insured provided by the additionally named insured carriers to HB have been wrongfully denied by said carriers, and no satisfactory remedy is available at law.

33. This matter is also ripe for adjudication and a justiciable controversy exists whether Western World, who accepted the tender of defense February 19, 2013 ten months after the initial tender, is liable to HB and its Members for the undividable cost of defense incurred in that ten-month period as opposed to a minimal amount as alleged in the acceptance of tender.

34. It is believed, and therefore alleged, that the policies, if produced by the carriers, are the type of demand for which a duty to defend and/or indemnity coverage is provided under the terms of the policies, and no legally enforceable exclusions or limitations in the policies eliminated that coverage.

FIRST AMENDED COMPLAINT FOR DECLARATORY
JUDGMENT –
Page 7

HERRIG & VOGT, LLP
1030 North Center Parkway, Suite 302
Kennewick, WA 99336
(509) 543-6691

10 of 33

1    35. It is believed, and therefore, alleged, that the
2    additionally named insured carriers are providing a defense
3    and/or indemnification under the same policies to the
4    subcontractors above named for the same claims of the
5    Crooks tendered by HB and its Members to the carriers.

6    36. The demand commenced and continued during the
7    effective policy periods of the policies.

8    37. HB and its Members are entitled to a declaration
9    that the additionally named insured carriers First Mercury
10   and Clarendon have a duty to defend and indemnify HB,
11   including its Members, in respect to the demand and as to
12   Western World, a duty to reimburse HB and its Members for
13   defense costs incurred from the date of first tender to
14   Western World in an amount of $60,000 or such other amount
15   according to proof.

16            First Cause of Action Against First Mercury,
               Clarendon, Western World, and DOES 1-10:
17
               BREACH OF WRITTEN CONTRACT
18
19   38. Plaintiffs reallege Paragraphs 1 through 37 of
     the Complaint as though fully stated herein.
20
21   39. It is believed, and therefore alleged, that the
     additionally named insured carriers breached the policies
22
     with HB by failing to defend and indemnify HB and its
23
     Members with respect to the demand.
24
25   40. As a result of the additionally named insured
     carriers' breach of contract of the policies, HB and its
26

FIRST AMENDED COMPLAINT FOR DECLARATORY           HERRIG & VOGT, LLP
JUDGMENT –                                         1030 North Center Parkway, Suite 302
Page 8                                             Kennewick, WA 99336
                                                   (509) 943-6691

PAGE 11 of 33 - EXHIBIT 1

1  | Members have suffered damages including, but not limited
2  | to, defense costs, and have been exposed to damages in
3  | respect to repair costs in an amount as yet to be specified
4  | but believed to be at least $100,000 or such other amount
5  | according to proof.

6  |    41.  The additionally named insured carriers are also
7  | liable to HB and its Members for incidental and consequen-
8  | tial damages resulting from the breaches of contract, in an
9  | amount to be proven at trial.

10 |    42.  The additionally named insured carriers are also
11 | liable to HB and its Members for pre judgment interest,
12 | costs and HB and its Members' reasonable attorneys' fees
13 | incurred in bringing this action and any other damages
14 | caused to HB by the additionally named insured carriers'
15 | breach of contract.

16 |          Third Cause of Action Against Clarendon,
17 |          Western, Lockton, DOES 1-10 and DOES 11-15:

18 |                        BAD FAITH

19 |    43.  HB realleges Paragraphs 1 through 42 of the
20 | Complaint as though fully stated herein.

21 |    44.  Western, Lockton and the additionally named
22 | insured carrier Clarendon had a duty under the policy to
23 | investigate the demand, defend HB and its Members against
24 | the demand and to provide HB and its Members with other
   | protection under the policy.

25 |    45.  Western, Lockton and the additionally named
26 |

FIRST AMENDED COMPLAINT FOR DECLARATORY
JUDGMENT -
Page 9

HERRIG & VOGT, LLP
1050 North Center Parkway, Suite 302
Kennewick, WA 99336
(509) 943-6691

PAGE 20 of 33 - EXHIBIT 1

1    insured carrier Clarendon breached their duty to act in
2    good faith by:

3        (a)  Failing to investigate the demand;

4        (b)  Misrepresenting or refusing to present pertinent
5    insurance policy provisions;

6        (c)  Refusing to defend HB and its Members with re-
7    spect to the demand; and

8        (d)  By summarily and wrongfully denying their obliga-
9    tion to indemnify HB and its Members.

10       46.  Western, Lockton and the the additionally named
11   insured carrier Clarendon's breaches of the policies were
12   unreasonable, frivolous or unfounded.

13       47.  Western, Lockton and the additionally named
14   insured carrier Clarendon acted in bad faith and are es-
15   topped from denying coverage.

16       48.  As a direct and proximate result of these breach-
17   es of good faith, HB and its Members have incurred damages
18   not fully compensable by contract damages in an amount to
19   be proven at trial.  HB and its Members are also entitled
20   to recover their costs and reasonable attorneys' fees
21   incurred due to Western, Lockton and the additionally named
22   insured carriers Clarendon breaches of their good faith
23   obligation to HB and its Members.

24   //

25   //

26   //

HERRIG & VOGT, LLP
1030 North Center Parkway, Suite 302
Kennewick, WA 99336
(509) 943-6691

PAGE 30 of 33 EXHIBIT 1

1      <u>Third Cause of Action Against Clarendon,</u>
       <u>Western, Lockton and, DOES 1-10 and DOES 11-25:</u>
2

3                        Consumer Protection Act

4          49.   HB and its Members reallege Paragraphs 1 through

5      48 of the Complaint as though fully stated herein.

6          50.   Clarendon, Western and Lockton's bad faith con-

7      stitutes a violation of the Consumer Protection Act, RCW

8      19.86.010 et. seq.

9          51.   Clarendon, Western and Lockton's conduct also

10     violates WAC 284-30-330; WAC 284-30-360; WAC 284-30-670 and

11     WAC 284-30-580.

12         52.   Clarendon, Western and Lockton's violations of

13     the Washington Administrative Code sections, above named,

14     also constitute violations of the Consumer Protection Act.

15         53.   With the exception of First Mercury, the addi-

16     tionally named insurance carriers' violations of the Con-

17     sumer Protection Act, entitled HB and its Members to recov-

18     er treble damages, court costs and attorneys' fees.

19                        PRAYER FOR RELIEF

20         WHEREFORE, Plaintiffs pray for the following relief:

21         1.    That the Court enter judgment against Western

22     Pacific Mutual Insurance Company and Lockton Risk Services

23     Company for damages in an amount to be proven at trial plus

24     treble damages, attorneys' fees and cost of suit.

25         2.    That the Court enter judgment in favor of HB and

26     its Members declaring that the policies of First Mercury

FIRST AMENDED COMPLAINT FOR DECLARATORY                HERRIG & VOGT, LLP
JUDGMENT –                                             1070 North Center Parkway, Suite 302
Page 11                                                Kennewick, WA 99336
                                                       (509) 943-6091

1 | Insurance Company, Clarendon National Insurance Company and
2 | DOES 1-5 policies do provide coverage to HB and its Members
3 | and thus impose a duty to defend and indemnify HB and its
4 | Members against the demand. Further, that the Court order
5 | them and each of them to defend and indemnify HB and its
6 | Members against the demand.

7 |        3.    That judgment be entered against First Mercury
8 | Insurance Company, Clarendon National Insurance Company,
9 | Western World Insurance Company, DOES 1-5 and each of them
10 | in an amount to be proven at trial.

11 |        4.    That the Court award treble damages authorized by
12 | the Consumer Protection Act against Clarendon National
13 | Insurance Company, Western Pacific Insurance Company,
14 | Lockton Risk Services Company and DOES 1-5.

15 |        5.    That HB and its Members be awarded their costs
16 | and reasonable attorneys' fees in this action.

17 |        6.    That HB and its Members be awarded pre-judgment
18 | interest on all sums due HB and its Members.

19 |        7.    For such other relief as the Court deems just and
20 | equitable.

21 |        DATED this 26th day of March 2013.

22 |                               HERRIG & VOGT, LLP

23 |

24 |                               _John R. Herrig_
25 |                               John R. Herrig, WSBA #8772
                               Attorneys for Plaintiffs
26 |

FIRST AMENDED COMPLAINT FOR DECLARATORY
JUDGMENT -
Page 12

HERRIG & VOGT, LLP
1050 North Center Parkway, Suite 302
Kennewick, WA 99336
(509) 943-6691

1

2

3

4

5

6                                                    HON. JUDGE MITCHELL

7

8        IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
              IN AND FOR BENTON AND FRANKLIN COUNTIES
9

10   JOHN B. CROOK and JOLENE K.            NO. 12-2-00566-1
     BOUGHTON, a married couple,
11

12              Plaintiffs,                 MOTION TO DETERMINE
                                            REASONABLENESS OF
13              vs.                         SETTLEMENT

14   HB DEVELOPMENT, LLC, License No.       Hearing Date and Time: April 12,
15   HBDEVL*972OZ, a Washington limited     2013 at 8:30 a.m.
     liability company,
16

17              Defendant.

18   _____
     HB DEVELOPMENT, LLC, a Washington
19   limited liability company,

20              Third Party Plaintiff,

21

22              vs.

23   VALAD'S CUSTOM PLASTERING, LLC,
     a Washington limited liability company;
24   XTREME DRYWALL AND PAINTING
     CORP., a Washington corporation; SETH
25   AND ARACELLY ALVAREZ, d/b/a
26

     MOTION TO DETERMINE REASONABLENESS          KROONTJE LAW OFFICE PLLC
     OF SETTLEMENT                               1411 FOURTH AVENUE, SUITE 1330
     Page - 1                                    SEATTLE, WASHINGTON 98101
                                                 TEL: (206) 624-6212 • FAX: (206) 624-6816

1   XTREME DRYWALL & PAINTING;
    BUILDER SERVICES GROUP, INC., d/b/a
2   GALE CONTRACTOR SERVICES, a
3   Washington corporation;  AMOS
    CONSTRUCTION, INC., a Washington
4   corporation; ALTON N. MACINNIS, d/b/a
5   MACINNIS CONSTRUCTION; FRED
    CARLSON, JR., ELECTRICAL
6   CONTRACTORS, INC.; TRAVIS J.
7   MULLINS d/b/a AARROW PLUMBING;
    FLOORS TO DYE FOR, INC., a
8   Washington corporation; and JOHN
9   DOES 1-15,

10       Third Party Defendants.

11   _____

12   HB DEVELOPMENT, LLC, a Washington
     limited liability company,
13

14            Plaintiff,

15       vs.

16
     MATHEW T. JOHNSON dba M AND C
17   CONSTRUCTION; WESLEY JAMES
18   CUSTOM CONCRETE and successor in
     interest; WESLEY JAMES CONCRETE,
19   INC., a Washington corporation; TAYLOR
20   MADE SERVICE, INC., dba TAYLOR
     MADE WOOD SPECIALTIES and JOHN
21   DOES 1-15,

22            Defendants.

23

24

25

26

MOTION TO DETERMINE REASONABLENESS
OF SETTLEMENT
Page - 2

KROONTJE LAW OFFICE PLLC
1411 FOURTH AVENUE, SUITE 1330
SEATTLE, WASHINGTON 98101
TEL: (206) 624-6212 • FAX: (206) 624-6816

PAGE 170 of 33   EXHIBIT 1

1

## I.    INTRODUCTION AND RELIEF REQUESTED

2      After a formal mediation in Seattle on February 22, 2013, and extensive

3  continuing mediation efforts in March 2013, plaintiffs John Crook and Jolene

4  Boughton reached a *Settlement Agreement, Assignment of Rights & Covenant Not to*

5  *Execute* (hereafter "Settlement Agreement") with defendant HB Development, LLC

6  ("HB") and its members Fraser Hawley and Sharon Brown. **Exhibit A** to

7  Declaration of Kroontje. The Settlement Agreement contained an assignment of

8  rights against certain insurers and subcontractors, a stipulated settlement amount of

9  $600,000, to be adjusted higher or lower as may be deemed reasonable by the Court

10  as part of this motion, and a covenant not to execute against HB or its members,

11  other than to seek recovery from specified assigned rights. Through mediation, all

12  third party claims in this matter have been tentatively or finally resolved, with the

13  exception of the claim against Valad's Custom Plastering, LLC.

14      John Crook and Jolene Boughton and HB now jointly move this Court,

15  pursuant to RCW 4.22.060 and common law, for a determination that the settlement

16  is objectively reasonable, and ask the Court to enter an Order declaring the

17  settlement reached among plaintiffs, HB Development, LLC, and its members to be

18  reasonable.

19

## II.    STATEMENT OF FACTS

20      HB was retained by John Crook and Jolene Boughton to begin construction

21  of a single family residence ("Project") located on 5450 Astoria Road in West

22  Richland ("Property"). Construction was to begin in November 2005. Instead, it

23  began in early 2006 and HB initially worked without a specific written contract.

24  Plaintiffs had never before entered into a construction contract. When Plaintiffs

25  asked HB to enter a specific written contract, HB would only agree to sign its own

26

MOTION TO DETERMINE REASONABLENESS
OF SETTLEMENT
Page - 3

KROONTJE LAW OFFICE PLLC
1411 FOURTH AVENUE, SUITE 1330
SEATTLE, WASHINGTON 98101
TEL: (206) 624-6212 • FAX: (206) 624-6816

PAGE 18 of 33 EXHIBIT 1

1   Cost Plus Construction Contract ("Contract") or it would not otherwise continue

2   work on the Project.

3       Construction was well under way when Plaintiffs and HB entered the

4   Contract on March 25, 2006. **Exhibit B** to Declaration of Kroontje. The documents

5   specifically incorporated into the Contract were the plans, the specifications, cost

6   breakdown, site plan, and construction lien notice (Clause 4). HB did not provide

7   Plaintiffs with a copy of the "Warranty" or "RWC Warranty," referenced in the

8   Contract as having been supplied before signing of the Contract. Instead, HB led

9   Plaintiffs to understand that the warranty would afford them protection in

10  addition to that available under the Contract. Plaintiffs did not intend any

11  warranty to limit their protection or HB's liability.

12      HB contractually agreed as follows:

13          Clause 1: the house would be built in accordance with plans and

14          specifications;

15          Clause 20: all work on the Project would be performed in a good and

16          workmanlike manner, would be of good quality, and would be free

17          from faults and defects;

18          Clause 20: all work would be in conformance with all applicable

19          provisions of the building codes and zoning ordinances or any

20          governmental authority having jurisdiction over the dwelling; and

21          Clause 20: all materials, equipment, and installations would be new,

22          unless otherwise specified, and would be of good quality.

23      HB made several promises to Plaintiffs regarding the completion date for

24  the Project. September 2006 was the originally scheduled completion date so that

25  the home could be in the Parade of Homes which occurs annually in September.

26  HB's management of the project and problems with its subcontractors resulted in

MOTION TO DETERMINE REASONABLENESS
OF SETTLEMENT
Page - 4

KROONTJE LAW OFFICE PLLC
1411 FOURTH AVENUE, SUITE 1330
SEATTLE, WASHINGTON 98101
TEL: (206) 624-6212 • FAX: (206) 624-6816

1  approximately one year of construction delays before Plaintiffs could move in.
2  Furthermore, HB did not complete or correct the items on Plaintiffs' inspection
3  checklist ("Punch List"), despite being given reasonable notice and numerous
4  opportunities to do so over a period of more than two years. According to the
5  Contract, the Project is not complete until HB has completed the Punch List.
6  Clauses 9 and 18. To date, Plaintiffs do not consider the Project to be complete as
7  specified by the Contract.

8      In response to discovery requesting identification of the date of substantial
9  completion for the Project, HB asserted that Plaintiffs took possession and their
10 warranty period started on May 15, 2007. However, the City of West Richland
11 issued a Certificate of Occupancy on September 10, 2007 (**Exhibit C** to Declaration
12 of Kroontje) and the first indication that Plaintiffs may have received the RWC
13 Warranty book was in February 2008, two years after the Contract was signed.
   **Exhibit D & E** to Declaration of Kroontje.
14

15     Between 2007 and 2009, several damage causing non-compliant, defective,
16 and/or latent conditions were observed or discovered by Plaintiffs and reported to
17 HB. In response, HB provided numerous assurances that these conditions would
18 be corrected. The work, however, was delayed and not completed. **Exhibit F** to
   Declaration of Kroontje.
19

20     In 2009 and 2010, several more damage causing non-complaint, defective,
21 and/or latent conditions were observed or discovered and reported by
22 Construction Dispute Resolution ("CDR"), including but not limited to in the areas
23 of the stucco cladding, decks, and main floor areas. CDR's first report was
   provided to HB. **Exhibit G** to Declaration of Kroontje.
24

25     HB was provided several opportunities since leaving the Project to repair
   the damage at the Property and bring the Project into compliance with the
26

MOTION TO DETERMINE REASONABLENESS
OF SETTLEMENT
Page - 5

KROONTJE LAW OFFICE PLLC
1411 FOURTH AVENUE, SUITE 1330
SEATTLE, WASHINGTON 98101
TEL: (206) 624-6212 • FAX: (206) 624-6816

1   Contract and all relevant codes, regulations, and industry standards, but did not
2   do so.

3   Since 2010, additional damage causing non-complaint, defective, and/or
4   latent conditions have been observed and reported by CDR. **Exhibit I** to
5   Declaration of Kroontje. All construction defect issues are summarized in the two
6   reports from CDR provided herewith as **Exhibits G & I** to Declaration of Kroontje.
7   CDR's general findings are corroborated by a separate report from Sound Exterior
8   Inspections, LLC (SEI). **Exhibit H** to Declaration of Kroontje. Recently, CDR
9   worked with Booth & Sons Construction to prepare a cost of repair estimate in the
10  amount of $366,127. **Exhibit J** to Declaration of Kroontje.

11  In accordance with the Contract (clause 22) and state law, on January 23,
12  2012, Plaintiffs mailed their RCW 64.50.020 notice to HB ("Notice"), attaching
13  CDR's September 10, 2010 report and the parties' Contract. Included with the
14  Notice was a request for arbitration pursuant to the Contract. Clause 21 of the
15  Contract is an arbitration provision, agreement to which was voluntary. Both
16  parties initialed the provision and thereby agreed to submit disputes arising out of
    the Contract to a single arbitrator.
17

18  On February 6, 2012, Plaintiffs were served with a response from HB's
19  registered agent in which HB stated it did "not intend to invoke any
20  responsibility." HB did not provide a response to Plaintiffs' request for arbitration
    and the selection of an arbitrator.
21

22  Plaintiffs complied with the requirements of the Contract and RCW 64.50 *et*
23  *seq.* with respect to pre-litigation notice and the agreement to use a single
    arbitrator to resolve any dispute arising out of the Contract.
24
    On March 12, 2012, Plaintiffs brought suit against HB Development for
25  breach of contract, negligent installation of building products, inexcusable
26

MOTION TO DETERMINE REASONABLENESS
OF SETTLEMENT
Page - 6

KROONTJE LAW OFFICE PLLC
1411 FOURTH AVENUE, SUITE 1330
SEATTLE, WASHINGTON 98101
TEL: (206) 624-6212 • FAX: (206) 624-6816

PAGE 21 of 33 EXHIBIT /

1   construction project delays, breach of implied warranties, and breach of express

2   warranties. HB, in turn, brought suit against Valad's Custom Plastering, LLC,

3   Xtreme Drywall and Painting Corp., Seth and Aracelly Alvarez, d/b/a Xtreme

4   Drywall & Painting, Builder Services Group, Inc., d/b/a Gale Contractor Services,

5   Perfection Glass, Inc., Amos Construction, Inc., Alton N. Macinnis, d/b/a Macinnis

6   Construction, Fred Carlson, Jr., Electrical Contractors, Inc. and Travis J. Mullins

7   d/b/a Aarrow Plumbing, Floors to Dye For, Inc, and John Does 1-15 for breach of

8   contract, negligence, and equitable indemnity. On January 11, 2013, Judge Mitchell

9   consolidated Plaintiffs' case with a case brought by HB Development against certain

10  suppliers/subcontractors: Mathew T. Johnson dba M and C Construction, Wesley J.

11  Neal, dba Wesley James Custom Concrete, Wesley James Concrete, Inc., Taylor

12  Made Service, Inc. dba Taylor Made Wood Specialties and John Does 1-15.

13      Through extensive and protracted mediation efforts to date, all of HB's

14  claims against the subcontractors and material suppliers in the consolidated cases,

15  with the exception of Valad's Custom Plastering, LLC, have settled, or have

16  reached the stage of a tentative settlement confirmed with CR2A agreement

17  between counsel. The rights to settlement funds received from these subcontractor

18  settlements have generally been assigned to plaintiffs, pursuant to the terms of the

19  settlement agreement that is the subject of this reasonableness motion. The rights

20  to the claims against Valad's that continue in this litigation have been similarly

    assigned, and rights against certain insurers have also been assigned.

21      Trial in this matter is being continued to September 16, 2013 or a date

22  thereafter.

23      On April 1, 2013, HB served on Plaintiffs a motion to amend its third-party

24  complaint to add HB's members, Fraser Hawley and Sharon Brown, as third party

25  plaintiffs. The motion is set for April 12, 2013 at 8:30 a.m., and is scheduled to be

26

MOTION TO DETERMINE REASONABLENESS
OF SETTLEMENT
Page - 7

KROONTJE LAW OFFICE PLLC
1411 FOURTH AVENUE, SUITE 1330
SEATTLE, WASHINGTON 98101
TEL: (206) 624-6212 • FAX: (206) 624-6816


PAGE 22 of 33 EXHIBIT 1

1   heard at the same time as this motion to determine reasonableness. Plaintiffs are

2   providing notice of this motion to determine reasonableness to all interested

3   insurers, subcontractors, and brokers against whom rights are being assigned, and

4   these interested third parties may elect to participate in the hearing on April 12,

5   2013 to voice any concerns regarding the reasonableness of the terms of the

6   settlement agreement that is the subject of this motion.

7

### III.   STATEMENT OF THE ISSUE

8

9

10

Whether the *Settlement Agreement, Assignment of Rights & Covenant Not to Execute* is reasonable, and if the Court believes the amount of the settlement should be higher or lower that the $600,000 agreed upon at the end of formal mediation in Seattle on February 22, 2013.

11

12

### IV.   EVIDENCE RELIED UPON

13   Plaintiffs rely upon this motion, the settlement agreement entered into based

14   on the facts recited above, the Declaration of Maury Kroontje and the exhibits

15   thereto, and the pleadings filed herein.

16

### V.   LEGAL AUTHORITY

17   **A.   A Reasonableness Hearing is Appropriate.**

18   Pursuant to RCW 4.22.060, after written notice of the settlement agreement is

19   given to all other parties and the court, "[a] hearing shall be held on the issue of the

20   reasonableness of the amount to be paid with all parties afforded an opportunity to

21   present evidence in order to secure a determination by the court that the amount to

22   be paid is reasonable." RCW 4.22.060(1). Plaintiffs have properly given more than

23   five days' written notice of the Settlement Agreement and reasonableness hearing

24   to all parties in this case, satisfying RCW 4.22.060. See Notice of Presentation.

25   Plaintiffs have also provided notice of the Settlement Agreement and this motion to

26   Western Pacific Mutual Insurance Company, Lockton Risk Services, First Mercury

MOTION TO DETERMINE REASONABLENESS
OF SETTLEMENT
Page - 8

KROONTJE LAW OFFICE PLLC
1411 FOURTH AVENUE, SUITE 1330
SEATTLE, WASHINGTON 98101
TEL: (206) 624-6212 • FAX: (206) 624-6816

PAGE 230 EXHIBIT

1  Insurance Company, Claredon National Insurance Company, Atlantic Casualty
2  Insurance Company, and Western World Insurance Company. See Notice of
3  Presentation and Declaration of Service. Plaintiffs are now properly requesting that
4  the Court make a determination as to the reasonableness of the settlement.

5       The finding of reasonableness necessarily involves factual determinations,
6  which will not be disturbed on appeal when they are supported by substantial
7  evidence. Bird v. Best Plumbing Group, LLC, 161 Wn. App. 510, 525, 260 P.3d 209
8  (2011). The trial court's credibility determinations and its resolution of the truth
9  from conflicting evidence will not be disturbed on appeal. Id.

10 **B.     The Amount of the Stipulated Judgment Against Settling Defendant is**
11 **Reasonable.**

12

13      At mediation in Seattle on February 22, 2013, with the assistance of
14 construction law mediator Christopher Soelling, the parties to the settlement
15 agreement at issue agreed upon the settlement figure of $600,000, with the
16 understanding that the Court could review that amount, and either raise or lower it
17 if necessary, in the context of a reasonableness hearing. The calculation of the
18 Settlement figure is as follows:

| Description | Documentation | Amount |
|---|---|---|
| **Cost of Repairs** (Repair of all construction defects and other issues as described in CDR reports, and related owner expenses.) | See CDR Reports provided as Exhibits G and I to Declaration of Kroontje, and related Summary of Booth and Sons Construction Estimates, provided as Exhibit J to Kroontje Declaration. | $366,127.00 |
| **Investigation and Expert** (CDR fees to date.) | See Declaration of Kroontje. (Actual billing entries will be made available for Court's Inspection, or provided to | $16,400.00 |

MOTION TO DETERMINE REASONABLENESS
OF SETTLEMENT
Page - 9

KROONTJE LAW OFFICE PLLC
1411 FOURTH AVENUE, SUITE 1330
SEATTLE, WASHINGTON 98101
TEL: (206) 624-6212 • FAX: (206) 624-6816

| Description | Documentation | Amount |
|---|---|---|
|  | counsel in redacted form upon request.) |  |
| **Attorney Fees and Costs** (Kroontje Law Office Attorney fees and costs to date.) | See Declaration of Kroontje. (Actual billing entries will be made available for Court's Inspection, or provided to counsel in redacted form upon request.) | $56,682.33 |
|  | **Current Total:** | **$439,209.33** |
|  | Allowance for claims not pursued at mediation, including Pugel[1] Damages, Construction Delay Damages, and future attorney fees and costs. | $160,790.67 |
|  | **Mediated Settlement Amount:** | $600,000.00 |

In Glover v. Tacoma General Hospital, the Washington Supreme Court adopted the factors a court should consider in determining the reasonableness of a settlement under RCW 4.22.060. Glover v. Tacoma General Hosp., 98 Wn.2d 708, 717, 685 P.2d 1230 (1983). The Glover factors are as follows: 1) the releasing party's damages; 2) the merits of the releasing party's liability theory; 3) the merits of the released party's defense theory; 4) the released party's relative fault; 5) the risk and expense of continued litigation; 6) the released party's ability to pay; 7) any evidence of bad faith, collusion, or fraud; 8) the extent of the released party's investigation and preparation; and 9) the interests of the parties not released. Id. In Chaussee, the Court of Appeals adopted the same factors to determine the reasonableness of an assignment of coverage and bad faith claims by an insured in exchange for a covenant not to execute from a plaintiff. Chaussee v. Maryland Cas.

---

[1] Pugel v. Monheimer, 83 Wn.App. 688, 922 P.2d 1377 (1996).

MOTION TO DETERMINE REASONABLENESS OF SETTLEMENT
Page - 10

KROONTJE LAW OFFICE PLLC
1411 FOURTH AVENUE, SUITE 1330
SEATTLE, WASHINGTON 98101
TEL: (206) 624-6212 • FAX: (206) 624-6816

PAGE 252 f33 EXHIBIT 1


1  Co., 60 Wn. App. 504, 511-12, 803 P.2d 1339 (1991).  No one factor controls and the

2  trial court has the discretion to weigh each case individually.  Glover, at 717.

3  Furthermore, all nine factors are not necessarily relevant in every case.  Besel v.

4  Viking Ins. Co. of Wis., 146 Wn.2d 730, 739, 49 P.3d 887 (2002).

5          1.      Releasing Party's Damages

6          The damages incurred by Plaintiffs to date are substantial.  Plaintiffs have

7  agreed to settle with HB for the amount of $600,000 as set forth above, which

8  represents a reasonable sum within the range of admissible evidence of the

9  damages that may be assessed against HB.  Calculated at $600,000.00, the damages

10  represent an amount negotiated between Plaintiffs, HB, and its members following

11  protracted litigation and mediation, and is reasonable in light of the significant

12  damages suffered and evidence of damages that may be assessed against HB, and

13  against HB's members in the event HB is unable to take financial responsibility.

14          2.      Merits of the Releasing Party's Liability Theory

15          As alleged in the second amended complaint, Plaintiffs' claims against HB

16  are for breach of contract, negligent installation of building products, inexcusable

17  construction project delays, breach of implied warranties, and breach of express

18  warranties.  There is substantial evidence in the record to indicate that HB breached

19  its contract, negligently installed building products, delayed the completion of

20  construction by several years, and breached its express and implied warranties.

21          Breach of Contract

22          After construction was well under way, Crook and Boughton signed HB's

23  Contract on March 25, 2006.  **Exhibit B** to Declaration of Kroontje.  HB breached the

24  Contract when Plaintiffs' house was not built in accordance with plans and

25  specifications, when the work was not performed in a good and workmanlike

26  manner, was not of good quality, was not free from faults and defects, and was not

MOTION TO DETERMINE REASONABLENESS
OF SETTLEMENT
Page - 11

KROONTJE LAW OFFICE PLLC
1411 FOURTH AVENUE, SUITE 1330
SEATTLE, WASHINGTON 98101
TEL: (206) 624-6212 • FAX: (206) 624-6816

PAGE 26 of 33 EXHIBIT 1

1  in compliance with building codes and industry standards, when the materials,
2  equipment, and installation was not of good quality, and when the Project suffered
3  years-long delays and mismanagement and is still not completed to date. See
4  attached expert reports (**Exhibits G, H, I** to Declaration of Kroontje). Plaintiffs did
5  not obtain the full benefit of performance based on the terms of the agreement and
6  have suffered damages as a result.

7        HB further breached the Contract when it refused to submit to arbitration,
8  despite specifically agreeing to the voluntary arbitration provision in its Contract
9  (clause 21).

10       HB has tried to argue that the RWC Warranty (**Exhibit E** to Declaration of
11  Kroontje) is part of the Contract. Although the RWC Warranty was referenced
12  (Clause 20), it was not specifically incorporated into the Contract. See Clause 4 of
13  the Contract. Furthermore, the Warranty was not provided to Plaintiffs until two
14  years after the Contract was signed and, in any case, it is invalid, even if not
15  determined by a court to be procedurally unconscionable. The cover page to the
16  Warranty that Plaintiffs received years after the Contract was signed clearly states,
17  "You do not have a warranty without the validation sticker." The Application for
18  the State Specific Warranty that Plaintiffs signed also clearly states, "This warranty
19  is invalid until a validation sticker, issued by RWC, is attached to the RWC
20  warranty book." **Exhibits D & E** to Declaration of Kroontje. There is no validation
    sticker on the Warranty Plaintiffs received.

21       Even if the Warranty is found to be valid, a Court will likely hold the
22  Warranty procedurally unconscionable. In <u>Mattingly</u>, there was a Home Buyers
23  Warranty ("HBW Warranty"), which was determined to be procedurally
24  unconscionable. The Court of Appeals explained that procedural unconscionability
25  "relates to impropriety during the process of forming a contract and refers to blatant
26

MOTION TO DETERMINE REASONABLENESS
OF SETTLEMENT
Page - 12

KROONTJE LAW OFFICE PLLC
1411 FOURTH AVENUE, SUITE 1330
SEATTLE, WASHINGTON 98101
TEL: (206) 624-6212 • FAX: (206) 624-6816

1   unfairness in the bargaining process and a lack of meaningful choice." Mattingly v.

2   Palmer Ridge Homes LLC, 157 Wn. App. 376, 388, 238 P.3d 505 (2010) (internal

3   quotations omitted). Whether an agreement is unconscionable is a question of law.

4   Id. The following factors are applied with regard to whether, in truth, a meaningful

5   choice existed: 1) the manner in which the parties entered into contract, 2) whether

6   the parties had a reasonable opportunity to understand the terms, and 3) whether

7   the terms were hidden in a maze of fine print. Id.

8       The Mattinglys, similar to Plaintiffs in this case, did not receive a sample

9   copy of the booklet to review before signing the enrollment application, they did

10  not receive a copy of the booklet before they occupied the home, they believed the

11  HBW Warranty would afford them protection in addition to that available under the

12  construction contract, and they did not intend the HBW Warranty to limit their

13  builder's liability under the construction contract. Id. at 391. Although the Court

14  acknowledged that parties have a duty to read the contracts they sign, it

15  emphasized that documents incorporated by reference must be reasonably available

16  so the essentials of the contract can be discerned by the signer. Id. at 392. The

17  Court also indicated that, even if the documents were available to the Mattinglys,

18  the terms were buried in the booklet, appearing on page 7 of a 32 page booklet,

19  despite being in bold and in a typeface larger than surrounding text. Id. at 391-92.

20      The Court of Appeals held the provisions in the warranty limiting liability

21  and remedies to be unenforceable. The Court also held, inter alia, that there was a

22  genuine issue of material fact as to when the builder completed the home,

23  precluding summary judgment on issue of whether buyers brought action within

24  one year contractual limitations period, and that the home was not completed for

25  purposes of contractual limitations period until builder completed items on punch

    list. Id. at 392-96.

26

MOTION TO DETERMINE REASONABLENESS
OF SETTLEMENT
Page - 13

1    A Court is likely to find the RWC Warranty both invalid and procedurally

2 unconscionable, given 1) the terms of the contract, 2) the conditions for validity set

3 out by RWC, the very entity issuing the warranty, and 3) the Court's factors (i.e. the

4 manner in which HB and Plaintiffs entered the Contract, the availability of

5 incorporated documents, and the conspicuousness of the terms at issue).

6 **Negligent Installation of Building Products**

7    HB breached its duty to refrain from tortious and careless conduct that

8 would place Plaintiffs at unreasonable risk of harm when it negligently installed

9 building products, and negligently managed and maintained the Project. See

10 Jackson v. City of Seattle, 158 Wn. App. 647, 660, 244 P.3d 425 (2010). **Exhibits G,**

11 **H, I & J** to Declaration of Kroontje.

12 **Inexcusable Construction Project Delays**

13    Inexcusable delay is that delay for which the party assumes the risk of the

14 cost and consequences. The most common inexcusable delay is delay caused by

15 mismanagement of the project. In addition to liquidated damages, other damages

16 available to someone injured by delay include labor or material escalation,

17 increased procurement costs, costs associated with idle equipment, financing costs,

18 lost opportunity costs, and interest.

19    HB mismanaged the Project and caused unreasonable and inexcusable

20 delays, resulting in significant damages, including loss of use of Plaintiffs' premises.

21 The Project is still not completed.

22 **Breach of Implied Warranties**

23    When a builder-vendor sells a new house to its first intended occupant, there

24 is an implied warranty that the house complies with applicable building code

25 requirements, was built in a workmanlike manner, and is suitable for habitation.

26

MOTION TO DETERMINE REASONABLENESS
OF SETTLEMENT
Page - 14

KROONTJE LAW OFFICE PLLC
1411 FOURTH AVENUE, SUITE 1330
SEATTLE, WASHINGTON 98101
TEL: (206) 624-6212 • FAX: (206) 624-6816


PAGE 29 of 33  EXHIBIT 1

1    The numerous construction defects discovered at the Property to date

2  indicate that building code requirements were not complied with, the house was

3  not built in a workmanlike manner, and, given the extensive water penetration

4  issues, is not suitable for habitation.  See attached expert reports (**Exhibits G, H, I** to

5  Declaration of Kroontje).

6    By its acts, omissions, and representations, HB breached its implied

7  warranties to Plaintiffs, including the warranties of habitability, fitness,

8  merchantability, and good workmanship.

9

**Breach of Express Warranties**

10

11    HB made express warranties in the Contract (see, *inter alia,* Clauses 1 and 20).

12  By its acts, omissions, and representations, HB breached its express warranties to

13  Plaintiffs.

    Given the merits of these theories of liability, the Settlement Agreement

14  reached by Plaintiffs and HB is reasonable.

15    **3.**    **Merits of the Released Party's Defense Theory**

16    HB answered the complaint on May 31, 2012, asserting twenty-four

17  affirmative defenses.  The parties have accounted for these defenses in determining

18  the amount of the settlement.

19    **4.**    **Released Party's Relative Fault**

20    HB potentially faces the lion's share of liability in this matter.  The fact that

21  HB retained subcontractors to do some of the work on the project does "not relieve

22  it of its contractual obligation to produce a product free of defects and faulty

23  workmanship."  Schwindt v. Underwriters at Lloyd's of London, 81 Wn. App. 293,

24  307, 914 P.2d 119 (1996).  There can be "no question that the quality of work

25  performed, both by [HB] as well as by its subcontractors, was the responsibility of

26  [HB] and no one else."  Mut. of Enumclaw Ins. Co. v. Patrick Archer Constr., Inc.,

MOTION TO DETERMINE REASONABLENESS
OF SETTLEMENT
Page - 15

KROONTJE LAW OFFICE PLLC
1411 FOURTH AVENUE, SUITE 1330
SEATTLE, WASHINGTON 98101
TEL: (206) 624-6212 • FAX: (206) 624-6816

1   123 Wn. App. 728, 736, 97 P.3d 751 (2004). Based on the fact that HB and its
2   members may ultimately bear some, or all, of the fault attributed to the actions of its
3   subcontractors, it is reasonable to include damages arising out of the conduct of the
4   subcontractors in the amount of settlement.

5        **5.**    **Risk and Expense of Continued Litigation**

6       Given that trial is at least approximately six months away, and given the
7   inherent uncertainty of litigation, the stipulated settlement amount is less than the
8   liability and expense exposure HB and its members might have faced if they had
9   chosen to proceed. HB reasonably determined that entering into the Settlement
10  Agreement was the most risk-averse strategy to avoid expenses, risks, and
11  uncertainties of continued litigation. Choosing to settle for the stipulated judgment
12  and assignment of rights was reasonable under the circumstances.

13       **6.**    **Released Party's Ability to Pay**

14      HB's insurer, Western Pacific Mutual Insurance Company, has denied
15  coverage for the damage claimed by plaintiffs. HB and its members may not have
16  sufficient assets to pay out of pocket for the stipulated settlement amount.
17  Choosing to settle and assign rights was reasonable under the circumstances.

18       **7.**    **Evidence of Bad Faith, Collusion, or Fraud**

19      Washington courts have recognized that a covenant not to execute coupled
20  with an assignment of rights and settlement agreement does not release a tortfeasor
21  from liability; it is simply an agreement to seek recovery only from a specific asset
22  of the insured, i.e. the proceeds of the insurance policy and the rights owed by the
23  insurer to the insured. Besel v. Viking Ins. Co. of Wisconsin, 146 Wn.2d 730, 737, 49
24  P.3d 887 (2002). HB tendered Plaintiffs' claim to Western Pacific Mutual Insurance
25  Company and the subcontractors' insurers early in the litigation. The insurers have
26  had ample opportunity to participate in the defense and resolution of this case,

MOTION TO DETERMINE REASONABLENESS
OF SETTLEMENT
Page - 16

KROONTJE LAW OFFICE PLLC
1411 FOURTH AVENUE, SUITE 1330
SEATTLE, WASHINGTON 98101
TEL: (206) 624-6212 • FAX: (206) 624-6816

PAGE 31 of 33 EXHIBIT )

1   including this reasonableness hearing.  There is no evidence of bad faith, collusion,

2   or fraud as to any parties involved or potentially affected by the Settlement

3   Agreement.

4       8.      **Extent of Releasing Party's Investigation and Preparation**

5   This case has been litigated since March 2012.  The parties are getting ready

6   for trial, which is approximately six months away.  Extensive discovery has been

7   conducted.  Multiple expert reports have been generated.  The parties have

8   attended mediation.  Short of going to trial, the parties have thoroughly

9   investigated and prepared for this case.

10      9.      **Interests of Parties Not Released**

11  Pursuant to several settlements throughout the litigation, the majority of

12  HB's claims against its subcontractors have been resolved.  All parties not released

13  are being notified of the Settlement Agreement and the reasonableness hearing and

14  will have an opportunity to be heard.

15              **VI.    CONCLUSION**

16  The Settlement Agreement reached between Plaintiffs and HB was

17  reasonable.  When analyzed under the nine factor analysis set forth by the

18  Washington Supreme Court, each factor supports this conclusion.  For these

19  reasons, the Court should find that the Settlement Agreement is objectively

20  reasonable.  If $600,000 is not deemed reasonable, the Court should adjust the figure

21  higher or lower in the interest of justice.

22              **VII.   PROPOSED ORDER**

23  A proposed order granting the relief requested accompanies this motion.

24

25

26

MOTION TO DETERMINE REASONABLENESS
OF SETTLEMENT
Page - 17

KROONTJE LAW OFFICE PLLC
1411 FOURTH AVENUE, SUITE 1330
SEATTLE, WASHINGTON 98101
TEL: (206) 624-6212 • FAX: (206) 624-6816


PAGE 32 of 33  EXHIBIT 1

1

2      DATED this 3rd day of April, 2013.

3

4                          KROONTJE LAW OFFICE, PLLC

5

6                      By _____

7                          Maury A. Kroontje, WSBA No. 22958
                           maury@kroontje.net
8                          Anamaria Turlea, WSBA No. 40138
                           anamaria@kroontje.net
9                          Attorneys for Plaintiffs

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

MOTION TO DETERMINE REASONABLENESS          KROONTJE LAW OFFICE PLLC
OF SETTLEMENT                               1411 FOURTH AVENUE, SUITE 1330
Page - 18                                   SEATTLE, WASHINGTON 98101
                                            TEL: (206) 624-6212 • FAX: (206) 624-6816

PAGE 33 of 33  EXHIBIT __1__

JOSIE DELVIN
BENTON COUNTY CLERK

JAN 1 1 2013

FILED

SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR BENTON AND FRANKLIN COUNTIES

HB Development, LLC

               Plaintiff(s),

        v.

Western Pacific Mutual
Insurance, et al Defendant(s).

Case No. 13-2-00081-1

CIVIL CASE SCHEDULE ORDER
(ORSCS)

I.    SCHEDULE
(Week of 01/07/2013 )

|  | | DUE DATE |
|---|---|---|
| 1 | Cancellation/Confirmation of Status Conference | 04/29/2013 |
| 2 | Last Date for Filing Motions to Change Trial Date | 05/28/2013 |
| 3 | Status Conference (telephonic) | 05/30/2013 |
| 4 | Plaintiff's Disclosure of Lay and Expert Witnesses | 05/28/2013 |
| 5 | Defendant's Disclosure of Lay and Expert Witnesses | 07/22/2013 |
| 6 | Disclosure of Plaintiff's Rebuttal Witnesses | 08/05/2013 |
| 7 | Disclosure of Defendant's Rebuttal Witnesses | 08/19/2013 |
| 8 | Discovery Completed | 10/28/2013 |
| 9 | Last Date for Filing Statement of Arbitrability | 10/28/2013 |
| 10 | Last Date for Filing Jury Demand | 11/12/2013 |
| 11 | Settlement Position Statements filed by all parties | 11/12/2013 |
| 12 | Last Date for Filing Dispositive Pretrial Motions | 11/12/2013 |
| 13 | Settlement Conference (in person) | 12/05/2013 |
| 14 | Last Date for Filing and Serving Trial Management Report | 12/23/2013 |
| 15 | Pretrial Management Conference (in person) | 12/26/2013 |
| 16 | Trial Memoranda and Motions In Limine to be filed | 12/23/2013 |
| 17 | Trial Date and Motions in Limine | 01/06/2014 |

II.    ORDER

IT IS ORDERED that all parties comply with the foregoing schedule.

Dated this 11th day of January ,2013.

SUPERIOR COURT JUDGE

cc:
John
Herrig

c/f

NOTICE TO PLAINTIFF:
The plaintiff may serve a copy of the Case Schedule Order on the defendant(s) along with the summons and complaint.
Otherwise, the plaintiff shall serve the Case Schedule Order on the defendant(s) within ten (10) days after the latter of: (1) the
filing of the summons and complaint or (2) service of the defendant's first response to the complaint, whether that response is
a Notice of Appearance, an Answer, or a CR 12 Motion.

CERTIFICATE OF SERVICE

1

2      I hereby certify that I served the foregoing **Western Pacific Mutual**

3   **Insurance Company's Notice of Removal** on the following parties:

4          Maury A. Kroontje
           Anamaria Turlea
5          Kroontje Law Office PLLC
           1411 Fourth Avenue, Suite 1330
6          Seattle, WA 98101
           Email: maury@kroontje.net
7                  anamaria@kroontje.net
                   Attorney for Plaintiffs
8
           John R. Herrig
9          Herrig & Vogt LLP
           1030 N. Center Parkway, Suite 201
10         Kennewick, WA 99336
           Email: j.herrig@herrigvogt.com
11                 Attorney for Defendant/Third-Party Plaintiff HB Development,
           LLC
12
           Steven G. Wraith
13         Lee Smart PS
           1800 One Convention Place
14         701 Pike Street
           Seattle, WA 98101-3929
15         Email: SGW@Leesmart.com
                   Attorney for Third-Party Defendant Fred Carlson, Jr., Electrical
16                 Contractors, Inc.

17         Max N. Peabody
           Gibson Peabody PS
18         1700 Seventh Avenue, Suite 2100
           Seattle, WA 98101-1360
19         Email: mpeabody@gibsonpeabody.com
                   Attorney for Third-Party Defendant Builder Services Group
20
           Peter Motley
21         Law Offices of Andersen & Nyburg
           P. O. Box 4400
22         Portland, OR 97208-4400
           Email: Peter.motley@libertymutual.com
23                 Attorney for Third-Party Defendant Alton N. Macinnis d/b/a/
                   Macinnis Construction
24

25
           Greg Jones
26

Page 1 - CERTIFICATE OF SERVICE

MITCHELL LANG & SMITH LLP
ATTORNEYS AT LAW
2000 ONE MAIN PLACE
101 S.W. MAIN STREET
PORTLAND, OREGON 97204-3230
TELEPHONE (503) 221-1011
FAX (503) 248-0732

H:\Lpm\61261\Pleadings\Federal Pleadings\COS Federal.doc

1    Fallon & McKinley PLLC
     1111 – 3rd Avenue, Suite 2400
     Seattle, WA 98101
2    Email:  gjones@fallonmckinley.com
        Attorney for Wesley James Concrete, Inc.
3
     John E Drotz
4    Clement & Drotz PLLC
     Pier 70
5    2801 Alaskan Way, Suite 300
     Seattle, WA 98121
6    Email:  jdrotz@clementdrotz.com
        Attorney for Valad Custom Plastering, LLC
7
     Stephen Lamberson
8    Amos Construction, Inc.
     618 W. Riverside Avenue, Suite 210
9    Spokane, WA 99201-5048

10
     by mailing a true and correct copy thereof to said parties on the date stated below.
11
     DATED April 26, 2013.
12

13

14                                    Patrick J. Kurkoski, WSB No. 27908
                                      Of Attorneys for Western Pacific Mutual
15                                    Insurance

16

17

18

19

20

21

22

23

24

25

26

Page 2 - CERTIFICATE OF SERVICE

MITCHELL LANG & SMITH LLP
ATTORNEYS AT LAW
2000 ONE MAIN PLACE
101 S.W. MAIN STREET
PORTLAND, OREGON 97204-3230
TELEPHONE (503) 221-1011
FAX (503) 248-0732

H:\Lpm\61261\Pleadings\Federal Pleadings\COS Federal.doc